NO.  07-02-0230-CR
07-02-0232-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2004

_____


CARL ROBERT DOMINGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,292-B, 43,985-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Carl Robert Dominguez appeals from two convictions for aggravated assault with a deadly weapon.  We dismiss both appeals for want of jurisdiction.

Pursuant to a plea bargain, appellant pled guilty to two charges of aggravated assault with a deadly weapon in the 181st District Court of Potter County.  Appellant was

admonished, both orally and in writing, by the trial court and he signed a copy of the admonishments and a judicial confession for both of these charges as well as pleading guilty on the record while in open court. The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice, Institutional Division, for eight years with an affirmative deadly weapon finding on each charge.

Appellant filed general Notices of Appeal.

Since the appellant pled guilty and the trial court followed the recommendations that the district attorney and the appellant agreed upon on both of these charges, we will address them together.

Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in Support thereof in each appeal. In support of the motions to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which non-frivolous appeals can arguably be predicated. Counsel thus concludes that the appeals are frivolous. Counsel has discussed why, under the controlling authorities, there are no arguably reversible errors in the trial court proceedings or judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and Motions to Withdraw as Counsel have been served on appellant, and that counsel has appropriately advised

appellant of his right to review the record and file *pro se* responses. Appellant has filed a *pro se* response addressing each judgment. In his response, appellant urges, in large part, error based on assertions such as allegations that (1) appellant was coerced by trial counsel to accept the plea bargains, (2) trial counsel misled appellant about the effect of his pleas and (3) trial counsel failed to introduce evidence which appellant claims existed. Such allegations are not supported by the record, and are, to a large degree, in direct contravention to written documents in the record and appellant's testimony during the trial court hearing.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The Rules of Appellate Procedure do not establish the jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed to invoke a court's jurisdiction over a particular appeal. See White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is absent as if it did not exist, and the appeal will be dismissed for lack of jurisdiction. Id. at 428, 429.

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. Id. at 428. The rule of appellate procedure applicable to the present charges requires that to perfect appeal from a judgment rendered on a defendant's plea of guilty, and in which the

3

punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must either: (a) specify that the appeal is for a jurisdictional defect, (b) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (c) state that the trial court granted permission to appeal. TEX. R. APP. P. 25.2(b)(3);[1] White, 61 S.W.3d at 428. Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id.

An appellant may not appeal the voluntariness of his guilty pleas made pursuant to plea bargains where the punishments assessed did not exceed the punishments recommended by the prosecutor and agreed to by the defendant, unless the notice of appeal complies with TRAP 25.2(b). See Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001). The requirements of TRAP 25.2(b) apply to claims of ineffective assistance of counsel. Id. at 82. Thus, notices of appeal from such plea-bargained convictions and sentences which do not comply with TRAP 25.2(b) do not invoke our appellate jurisdiction.

As appellant's Notices of Appeal do not contain one of the three allegations necessary to invoke our appellate jurisdiction over appeals from these convictions, see White, 61 S.W.3d at 428, our jurisdiction has not been invoked. Accordingly, the appeals must be dismissed for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

---

[1]Amended December 23, 2002, effective January 1, 2003. Further reference to Rules of Appellate Procedure will be by "TRAP __."

4

Because we have no jurisdiction over these appeals except to dismiss them, we cannot and do not consider appellate counsel's Motions to Withdraw as Counsel, or any of appellant's *pro se* motions.

We dismiss the appeals for want of jurisdiction.


Phil Johnson
Chief Justice


Do not publish.